UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

Brenda Joyner,

        Plaintiff,

vs.                                  Case No.  3:06-cv-397-J-33MCR

Rex Corporation, a Florida corporation,

        Defendant.

_____/

## O R D E R

**THIS CAUSE** is before the Court on Defendant's Motion to Compel (Doc. 11)

filed March 2, 2007 as well as Plaintiff's Amended Motion to Compel (Doc. 15) filed

March 19, 2007.  Plaintiff filed a response in opposition to Defendant's Motion on March

19, 2007 (Doc. 14) and Defendant filed a response to Plaintiff's Motion (Doc. 16) on

April 5, 2007.  Accordingly, the matter is now ripe for judicial review.

## I.  BACKGROUND

This case involves Plaintiff's claim that she is entitled to equitable relief and

damages pursuant to the Family and Medical Leave Act (the "FMLA"), including

injunctive relief, backpay, front pay, liquidated damages, attorneys' fees and costs.

(Doc. 2).  On August 11, 2006, Plaintiff served Defendant with a request for production.

Defendant responded to the request on September 13, 2006, however, produced no

documents at that time.  Instead, Defendant objected to five of the eight requests and

stated that it would produce the unobjectionable documents at a "time and place

-1-

mutually agreed upon by the parties."  In December 2006, Defendant produced a list of

individuals claimed to be comparators of Plaintiff with their pay as of May 1, 2004 and

April 30, 2005.  Plaintiff filed the instant motion to compel because she believes the list

provided by Defendant is not sufficient and Defendant should be required to produce

the actual pay records of the comparators.  (Doc. 15).  Defendant responds that the

motion should be denied because Plaintiff failed to comply with requirements to confer

in Rule 37(a)(2)(B) of the Federal Rules of Civil Procedure and Local Rule 3.01(g).

(Doc. 16).  Alternatively, Defendant argues the Court should deny Plaintiff's Motion to

Compel because it already produced the requested information.  Id.  In addition,

Defendant asks the Court to require Plaintiff's counsel to pay the reasonable expenses

incurred by Defendant in having to respond to the Motion to Compel.  (Doc. 16, p.7).

Meanwhile, on August 29, 2006, Defendant propounded its first set of

interrogatories to Plaintiff.  Plaintiff did not respond or object to the interrogatories thirty

days after service as required by Rule 33(b)(3), Fed.R.Civ.P.  Instead, it was not until

January 10, 2007 that Plaintiff provided a response to the interrogatories.  Defendant

now claims that Plaintiff's responses to three of the interrogatories are deficient and

asks the Court to require Plaintiff to provide more complete responses.[1]  (Doc. 11).

Plaintiff responds that she cannot provide more complete responses because she has

provided all the information she has with respect to Interrogatories 1 and 2 and because

---

[1]  Defendant asks the Court to require Plaintiff to provide complete responses within five days of the Court's Order and to award Defendant its expenses, including attorneys' fees, associated with filing this Motion.  (Doc. 11, p.7).

she needs the comparator information from Defendant in order to respond to
Interrogatory 3.  (Doc. 14).

## II.  <u>DISCUSSION</u>

Motions to compel discovery under Rule 37(a) are committed to the sound
discretion of the trial court.  <u>See</u> <u>Commercial Union Ins. Co. v. Westrope</u>, 730 F.2d 729,
731 (11th Cir. 1984).  The trial court's exercise of discretion regarding discovery orders
will be sustained absent a finding of abuse of that discretion to the prejudice of a party.
<u>Id.</u>

The overall purpose of discovery under the Federal Rules is to require the
disclosure of all relevant information so that the ultimate resolution of disputed issues in
any civil action may be based on a full and accurate understanding of the true facts, and
therefore embody a fair and just result.  <u>See</u> <u>United States v. Proctor & Gamble Co.</u>,
356 U.S. 677, 682, 78 S.Ct. 983 (1958).  Discovery is intended to operate with minimal
judicial supervision unless a dispute arises and one of the parties files a motion
requiring judicial intervention.  Furthermore, "[d]iscovery in this district should be
practiced with a spirit of cooperation and civility."  Middle District Discovery (2001) at 1.

### A.  <u>Plaintiff's Motion to Compel (Doc. 15)</u>

The Court will first address Plaintiff's Motion to Compel (Doc. 15).  As an initial
matter, the Court notes its concern that counsel for Plaintiff included a statement
pursuant to Local Rule 3.01(g) in which he stated that he made "several good faith, but
ultimately unsuccessful, efforts to resolve this issue without need to involve the court."
(Doc. 15, p.3).  As Defendant's response makes clear, counsel for Plaintiff did not

comply with either Rule 37(a)(2)(B), Fed.R.Civ.P. or Local Rule 3.01(g).  As the correspondence attached to Defendant's response illustrates, Defendants provided Plaintiff with the list of comparators' salaries on December 8, 2006.  (Doc. 16, Ex. E). Counsel for Plaintiff did not confer with counsel for Defendant at any point after that date to inform her that he believed the list to be inadequate.  Instead, he filed the instant Motion to Compel three months later on March 19, 2007.  Therefore, his statement of compliance with Local Rule 3.01(g) is completely disingenuous.

The importance of the Local Rules cannot be overstated.  All counsel are expected to be familiar and comply with all applicable rules of this Court.  With respect to Local Rule 3.01(g), this Court noted "[t]he purpose of the rule is to require the parties to communicate and resolve certain types of disputes without court intervention."  Desai v. Tire Kingdom, Inc., 944 F. Supp. 876 (M.D. Fla. 1996).  At least one magistrate judge in the Middle District of Florida has construed the mandates of Rule 3.01(g) to "mean to speak to each other in person or by telephone, in a good faith attempt to resolve disputed issues."  Davis v. Apfel, 2000 WL 1658575 (M.D. Fla. 2000).

Although Defendant is correct that the Court could deny Plaintiff's Motion to Compel on the grounds that her counsel failed to comply with the conferral requirements of both Rule 37(a)(2)(B) and Local Rule 3.01(g) alone, the Court will decline to do so.  The Court will, however, strongly caution counsel for Plaintiff against filing any further motions that do not comply with either the Federal Rules of Civil Procedure or the Local Rules.  The Court will strike any such filings.  Additionally, the Court is very concerned about counsel's disingenuous statements regarding his

attempts to resolve the issues raised in the Motion to Compel.  Counsel for Plaintiff is hereby warned that any further such statements will result in the imposition of sanctions against counsel for Plaintiff.

Turning to the merits of Plaintiff's Motion to Compel, Plaintiff claims that Defendant failed to produce documents responsive to her requests numbers 6 and 7. Plaintiff's request number 6 seeks copies of all payroll and benefits records for all individuals hired by Defendant for the period six months prior to and six months following the hiring of Plaintiff.  Plaintiff seeks these records going back to the date of their hire until the date of the production response.  (Doc. 15, p.2).  Request number 7 seeks copies of all records of promotions or pay raises for those individuals referenced in request number 6.  Id.  Defendant objected to both requests on the grounds that the time period requested was overly broad and that the documents sought were "immaterial, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence."  Id.  After discussion between counsel, Plaintiff limited her request to "individual hired as a feeder/inspector[], which was the job title held by [Plaintiff]."  (Doc. 15, p.3).  Defendant maintained its objection, but produced two salary lists dated May 1, 2004 and April 30, 2005.  (Doc. 15, Ex. 4).  Defendant explains that this list shows the individuals hired as feeder/inspectors and their pay rate for the six months prior to and after Plaintiff's hire date.  Plaintiff complains that this list is insufficient as Plaintiff requested the actual records so that she can make her own "calculations and determinations."  (Doc. 15, p.5).

The Court agrees with Plaintiff that Defendant should provide the actual pay records and records regarding promotions for the individuals hired as feeder/inspectors for the time period six months prior to and six months following the hiring of Plaintiff. Plaintiff should be able to make her own calculations using the data.  Moreover, Defendant has provided no reasons why this information cannot or should not be provided to Plaintiff in its original format.  Accordingly, the Court will grant Plaintiff's Motion to Compel and directs Defendant to provide the pay records and records regarding promotions for the individuals hired as feeder/inspectors for the time period six months prior to and six months following the hiring of Plaintiff[2]  no later than **Wednesday, April 18, 2007**.[3]

### B.  Defendant's Motion to Compel (Doc. 11)

In its Motion, Defendant claims that a number of Plaintiff's responses to its discovery requests are deficient. The Court will address each of Defendant's contentions separately.

### Interrogatories 1 and 2

This interrogatory asks Plaintiff to:

> [d]escribe in detail any and all efforts you have made to seek or obtain employment during the year 2005 through the

---

[2] Defendant is not required to provide the benefit information as Plaintiff was not enrolled in the benefit programs while employed with Defendant.  (Doc. 16, p.6).

[3] The Court will not award expenses to Plaintiff as the Court has determined counsel for Plaintiff failed to make a good faith effort to resolve the issue raised in the Motion to Compel prior to filing the motion.  See Rule 37(a)(4), Fed.R.Civ.P.  Additionally, the Court will decline to award expenses to Defendant in responding to Plaintiff's Motion.  While the Court is extremely concerned by counsel for Plaintiff's conduct with respect to conferring prior to filing the Motion, the Court is not convinced that the Motion was unnecessary.

> present time.  Your response should include, but not be limited to the name and addresses of all potential employers, employment services, agencies or other sources you contacted, **the dates of any such contacts, the form of contact** (e.g., in person, by telephone or by mail), **the name(s) of the person(s) contacted and the substance and results of your contacts.**

(Doc. 11, p. 3) (emphasis in original).  Plaintiff responded by claiming that she spoke with friends and family, prepared a resume, obtained assistance from a career service center, applied with Kelly Services and sought to babysit.  Id.  Additionally, Plaintiff provided a list of "some" of the employers to whom she applied.  (Doc. 11, p.4).

Defendant contends Plaintiff's response to this interrogatory is incomplete because she did not provide the dates she contacted any source for employment, the form of the contact, or the name(s), substance and results of the contacts.

Interrogatory 2 asked Plaintiff to:

> [d]escribe in detail any and all job offers you received during the year 2005 through the present time.  Your response should include the date of such offers, the terms and conditions of such offers, **including but not limited to position, title, wages and other benefits**, whether you accepted said offer, and **the dates of any employment resulting from your acceptance**.

(Doc. 11, p.4) (emphasis in original).  Plaintiff's response consisted of a list of two jobs with a start date and a statement that she was contacted by Kelly Services to go to Beaver Street Fishery to try out for a position but Plaintiff was unable to locate the Fishery and was therefore, not hired.  (Doc. 11, p.5).  Defendant claims this response is insufficient because it does not include any job positions or titles, any information regarding wages and other benefits and the dates of employment.  Id.

Plaintiff responds to the claims that these responses are incomplete by stating that Plaintiff has provided all the information she recalls.  (Doc. 14, pp. 4-5).  Plaintiff states that she "is not a corporation with files and records."  (Doc. 14, p.4).  The Court understands that Plaintiff may not keep detailed files with information regarding her job search or even jobs she may have taken.  However, the Court is not convinced Plaintiff or her attorney have engaged in a sufficient investigation to uncover as much information as possible.  Indeed, Plaintiff's response to the motion to compel does not provide any information as to what steps Plaintiff undertook, if any, to find the requested information.  Under Rule 26(g), an attorney must make a reasonable investigation and effort to assure that the client has provided all information and documents available to her which are responsive to the discovery request.  Sexton v. U.S., 2001 WL 649445 *1 (M.D. Fla. 2001) (citing Rule 26(g), Fed.R.Civ.P.).  The Court believes Plaintiff can locate records showing how much money and what benefits she received from Stat. Corp. and Printing Solutions.  The Court also believes Plaintiff should be able to provide Defendant with the job position or titles of the jobs and the dates she worked for Stat. Corp. and Printing Solutions.  Plaintiff may need to contact those employers to obtain the information.  In addition, with respect to Plaintiff's attempts to find work, the Court believes Plaintiff should be able to provide at least some information as to the dates she contacted a source for employment as well as the form and results of the contacts. While Plaintiff may not recall the specific date of a contact, she may be able to recall or locate some information indicating the month of the contact.

Accordingly, the Court will grant Defendant's Motion to Compel and directs Plaintiff and her attorney to engage in a reasonable investigation in order to determine the information sought in Interrogatories Nos. 1 and 2.  Plaintiff shall provide this information no later than **Wednesday, April 18, 2007**.  If Plaintiff is unable to provide any further information, she is directed to furnish Defendant with a detailed description of any efforts she undertook to locate the requested information.

**Interrogatory 3**

This interrogatory asked Plaintiff to:

> [s]et forth fully and specifically all relief (**including the amounts**) sought by you in this action, including any declaratory judgment, injunctive relief, all compensatory and punitive damages (if any), backpay, lost benefits, attorneys' fees and costs, and **identify all documents reflecting, referring or relating to such relief**.

(Doc. 11, p.5) (emphasis in original).  Plaintiff responded by providing a general overview of the damages she was seeking without providing any specific amounts or identifying any documents supporting her claims.  Plaintiff claims she cannot provide specific amounts because she does not have appropriate comparator evidence.  (Doc. 14, p.4).  Now that the Court has directed Defendant to provide the records showing the comparator information, Plaintiff should be able to respond to the interrogatory.  Accordingly, Defendant's Motion to Compel a response to Interrogatory 3 is granted and Plaintiff is directed to furnish a response no later than **Monday, April 23, 2007**.

As for the award of expenses, Rule 37(a)(4) provides:

> If the motion is granted . . ., the court shall, after affording an opportunity to be heard, require the party or deponent whose

> conduct necessitated the motion or the party or attorney
> advising such conduct or both of them to pay to the moving
> party the reasonable expenses incurred in making the
> motion, including attorney's fees, unless the court finds that
> the . . . opposing party's nondisclosure, response, or
> objection was substantially justified, or that other
> circumstances make an award of expenses unjust.

The Court is satisfied Plaintiff had substantial justification for her failure to provide a more complete response to Interrogatory No. 3, however, is not certain as to Plaintiff's response to Interrogatories Nos. 1 and 2.  Therefore, the Court will consider an award of expenses to Defendant.  Prior to awarding any expenses, however, the Court will allow Plaintiff an opportunity to show that her failure to provide more complete responses was "substantially justified" or that there are other circumstances which would make an award of expenses unjust.  Plaintiff shall file a brief memorandum on this issue no later than **Friday, April 20, 2007**.

Having reviewed the matter, and for good cause shown, it is hereby

**ORDERED:**

1.      Plaintiff's Amended Motion to Compel (Doc. 15) is **GRANTED**.  Defendant shall provide the information directed in the Order to Defendant **on or before Wednesday April 18, 2007**.

2.      Defendant's Motion to Compel (Doc. 11) is also **GRANTED**.  Plaintiff shall provide a more complete response to Interrogatories 1 and 2 **on or before Wednesday, April 18, 2007**.  Plaintiff shall provide a more complete response to Interrogatory No. 3 **on or before Monday, April 23, 2007**.

3.     The Court will take the issue of sanctions pursuant to Rule 37(a)(4) of the

Federal Rules of Civil Procedure under advisement and will issue an Order after Plaintiff

files her memorandum of law.


**DONE AND ORDERED** in Chambers in Jacksonville, Florida this __10th__ day of

April, 2007.


*Monte C. Richardson*
_____
MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record