UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

Brenda Joyner,

    Plaintiff,

vs.                                                 Case No.  3:06-cv-397-J-20MCR

Rex Corporation, a Florida corporation,

    Defendant.
_____/

## **O R D E R**

**THIS CAUSE** is before the Court on Plaintiff's Memorandum Regarding Incomplete Responses to Interrogatories (Doc. 18) filed April 20, 2007.  In ruling on Defendant's Motion to Compel (Doc. 11), the Court took the issue of sanctions pursuant to Rule 37 under advisement and allowed counsel for Plaintiff an opportunity to show that the failure to provide more complete responses to Interrogatories Nos. 1 and 2 was "substantially justified" or that there were other circumstances which would make an award of expenses unjust.  (Doc. 17, p. 10).

Counsel for Plaintiff took full responsibility for failing to attempt to locate additional information to respond to the interrogatories.  However, counsel stated that he did not expect counsel for Defendant to file a motion to compel "without a phone call to discuss the issue before doing so."  (Doc. 18, p.2).  The Court reviewed Defendant's Motion to Compel and notes that counsel for Defendant does not reference any attempted phone call to counsel for Plaintiff prior to filing the motion.  Instead, it appears

counsel for Defendant sent a letter dated January 12, 2007 and then filed the motion to compel on March 2, 2007.  Although the letter dated January 12, 2007 clearly sets forth Defendant's contentions as to why the interrogatory responses were incomplete, counsel for Defendant should have attempted to personally discuss the matter with counsel for Plaintiff prior to filing the motion to compel.  Perhaps if counsel for Defendant had contacted counsel for Plaintiff immediately prior to filing the motion to compel, the parties would have been able to resolve the dispute without court intervention.

The purpose of Local Rule 3.01(g) "is to require the parties to communicate and resolve certain types of disputes without court intervention." Desai v. Tire Kingdom, Inc., 944 F. Supp. 876 (M.D. Fla. 1996).  The term "communicate" has been further clarified to mean, "to speak to each other in person or by telephone, in a good faith attempt to resolve disputed issues." Davis v. Apfel, 2000 WL 1658575 (M.D. Fla. 2000).  As counsel for Defendant failed to strictly comply with Local Rule 3.01(g), the Court finds the imposition of sanctions to be unwarranted in this case.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this  26th  day of April, 2007.

*Monte C. Richardson*
MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record